Zurek et al. v. Ferfecki et al., 199 Ill. App. 587.

## Abstract of the Decision.

1. EVIDENCE, § 10*—*judicial notice of ordinance.* A trial court must take judicial notice of a municipal ordinance.

2. MUNICIPAL COURT OF CHICAGO, § 39*—*when presumed that ordinance violated as charged in complaint.* It will be presumed on appeal from a judgment of conviction for the violation of a municipal ordinance, where such ordinance is not found in the record, that it was proven to have been violated as charged in the complaint.

3. MUNICIPAL COURT OF CHICAGO, § 39*—*when finding of trial judge in prosecution for violation of ordinance not disturbed.* The finding of a trial judge in a prosecution for the violation of a municipal ordinance will not be disturbed as against the weight of evidence where it appears that his finding is sustained by credible evidence appearing in the record.

---

Frank Zurek and Martin Wierbowski, Defendants in Error, v. Joseph Ferfecki and Regina Ferfecki, Plaintiffs in Error.

### Gen. No. 22,191.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in this court at the March term, 1916. Reversed without remanding. Opinion filed June 19, 1916.

## Statement of the Case.

Action by Frank Zurek and Martin Wierbowski, plaintiffs, against Joseph Ferfecki and Regina Ferfecki, defendants, to recover commissions under a contract for the exchange of real estate between defendants and others. From a judgment for plaintiffs, defendants prosecute a writ of error.

THOMAS E. SWANSON, for plaintiffs in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BERNARD J. BROWN, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

BROKERS—*when verdict should be directed for defendants in action for commissions.* In an action by a broker to recover a stipulated commission for the exchange of real estate between defendants and others where there was no testimony to contradict evidence in behalf of defendants that the agreement was that no commission should be paid unless the deal was closed, and it was admitted that the deal was never carried out, *held* that a verdict for defendants should have been instructed.

---

## William H. Morris and Margaret E. Morris, Defendants in Error, v. Walter W. Taylor, Plaintiff in Error.

### Gen. No. 22,222.

1. LANDLORD AND TENANT, § 325*—*when evidence sufficient to sustain finding that giving of notice of termination of lease not waived by agents of lessor.* In an action to recover for rent under a lease for one year, providing that unless the tenant gave sixty days' notice to the landlord of his intention to terminate the lease on the date of its expiration the lease should continue in force from year to year until terminated by like notice in some ensuing year, evidence *held* sufficient to sustain a finding that the provision for giving of notice was not waived by agents of the lessors.

2. PRINCIPAL AND AGENT, § 86*—*when agents may not change provisions in lease.* An agent to rent property may not without express authority from his principal, change provisions in the lease.

3. JUDGMENT, § 86*—*when burden of proof rests upon plaintiff after opening judgment by confession.* Where a judgment by confession under a power of attorney under a lease is opened and the defendant let in to defend and a trial had, the burden rests upon the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.